IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JAMES D.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-469**     (Fam. Ct. Putnam Cnty. No. FC-40-2016-D-205)

**RANDI D.,**
**Petitioner Below, Respondent**


**MEMORANDUM DECISION**

Petitioner James D.[1] appeals the Family Court of Putnam County's final child support order entered on October 6, 2023, which reflects a monthly amount that was agreed-upon by the parties. Respondent Randi D. filed a response in support of the family court's decision.[2] James D. did not file a reply. The issues on appeal are whether the family court wrongfully calculated child support by including James D.'s bonus as monthly income and whether James D. received full credit for their children's health insurance costs.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are the parents of two minor children, J.D. and O.D., born in 2008 and 2010, respectively. Events leading up to this appeal began when Randi D. filed a petition for modification of the parenting plan sometime in mid-2023. The petition for modification was filed because James D. had relocated to Columbus, Ohio to pursue an employment opportunity and was unable to continue exercising extended shared parenting.

The modification hearing was held on August 2, 2023. At that hearing, James D. provided evidence that his monthly income was $8,492.87. However, Randi D. argued that

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] James D. is self-represented. Randi D. is represented by Jennifer Dickens Ransbottom, Esq.

1

James D. had received a yearly bonus of $21,226.93, and that the bonus should be included in James D.'s income. The family court agreed and divided the $21,226.93 by twelve months, which came to $1,768 per month in additional income for a total of $10,260.87 per month. Based upon those numbers, the basic shared child support formula calculated James D.'s child support obligation to be $1,330.84 per month which was to be paid to Randi D. on the first day of each month, effective May 1, 2023. The new child support calculation was retroactive to the date of Randi D.'s filing; therefore, James D. was automatically in arrears for several months as of the date of the hearing. The family court entered its final modification order on September 25, 2023.

On August 28, 2023, James D. filed a motion to reconsider the child support calculation. In support of his motion, James D. alleged that a portion of his $21,226.93 bonus had been put into a 401(k) and should not have been considered in his child support calculation, as it was not taxable and not readily available to him. The hearing on James D.'s motion for reconsideration was held on October 5, 2023. The family court heard both parties' arguments and ran the child support formula both with and without including the bonus income. The difference was $1,397.15 versus $1,321.95. The parties agreed to split the difference, which came to $1,359.55 per month. The family court then subtracted $66.31 for James D.'s transportation costs, and the final child support calculation totaled $1,293.24 per month. The family court entered its child support order on October 6, 2023, reflecting the parties' agreement. It is from that order that James D. now appeals.

For these matters, we apply the following standard of review:

> In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*. Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, James D. raises four closely related assignments of error, which we will consolidate. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error). James D. asserts that the family court failed to properly calculate his child support obligation. More specifically, he contends that his $21,226.93 bonus income should not have been included in his monthly income calculation and that the $55.11 amount shown for the amount he pays for the children's healthcare on the child support worksheet is also incorrect. Upon review, we conclude that James D.'s argument lacks merit for the reasons set forth below.

2

First, the family court properly calculated James D.'s child support obligation in accordance with West Virginia Code § 48-1-230(1) (2008), which defines income as "[c]ommissions, earnings, salaries, wages and other income due or to be due in the future to an individual from his or her employer." This definition would include James D.'s yearly bonus. Next, James D. agreed to split the balance between both child support formulas and agreed to the final child support calculation.

In its October 6, 2023, child support order the family court stated:

> After the court heard the arguments of both parties and running the child support formula based upon using and not using the mandatory 401K bonus income, the court pointed out that the difference between the two formulas was $1397.15 vs. $1321.95 – around $75/month. The parties agreed to split the difference in the [two] formulas.

The Supreme Court of Appeals of West Virginia has held, "[o]nce a competent party makes a settlement and acts affirmatively to enter into such settlement, his second thoughts at a later time as to the wisdom of the settlement does not constitute good cause for setting it aside." *Moreland v. Suttmiller*, 183 W.Va. 621, 625, 397 S.E.2d 910, 914 (1990). In accordance with *Moreland*, James D.'s complaint is not good cause for setting aside the agreement and we decline to do so.

Accordingly, we affirm the family court's October 6, 2023, agreed child support order.

Affirmed.


**ISSUED:** April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear